# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TRAXXAS LP | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-463 |
| | § | Judge Mazzant |
| FELD MOTOR SPORTS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer Under 1404(a) or, Alternatively, Motion to Stay (Dkt. #5). After reviewing the motion, the responses, and the relevant pleadings, the Court finds Defendant's motion should be denied.

## BACKGROUND

Plaintiff Traxxas LP ("Traxxas") is a Texas limited partnership with its principal place of business in Collin County, Texas, which designs and builds remote-controlled cars, trucks, and other vehicles. Defendant Feld Motor Sports, Inc. ("FMS") is a Delaware corporation with its principal place of business in Aurora, Illinois. This case arises out of a dispute over the amount of royalties owed as a result of the Monster Jam Merchandise License Agreement (the "License Agreement") entered into by the parties on or about September 20, 2010.

FMS contends that Traxxas failed to pay certain royalties allegedly owed under the License Agreement. FMS conducted an audit and provided the results of that audit to Traxxas on March 12, 2014, which concluded that Traxxas owed FMS $1,174,987.58 in unpaid royalties. Traxxas disputed that the royalties were owed and the amount of royalties owed, and on April 14, 2014, filed a petition in the District Court of Collin County, Texas, seeking a declaratory judgment that Traxxas "does not owe [FMS] royalties on the Excluded Stampede Models" (Dkt. #5, Ex. E at ¶ 19). However, Traxxas did not serve FMS with process at that time, and parties

1

engaged in settlement negotiations. On June 23, 2014, Traxxas served FMS with process in its state court action when it became clear that settlement negotiations were falling through.

On July 11, 2014, FMS filed its Complaint seeking not less than $980,000 in royalties owed under the License Agreement in the Eastern District of Virginia. Traxxas, the defendant in that litigation, filed a motion to transfer to the Eastern District of Texas, which was granted by the Eastern District of Virginia on August 15, 2014, and is also pending before the undersigned. *See Feld Motor Sports, Inc. v. Traxxas LP*, No. 4:14-cv-543, Document Number 20.

On July 18, 2014, FMS filed its motion to dismiss or, alternatively to transfer or, alternatively to stay (Dkt. #5). On August 4, 2014, Traxxas filed its response (Dkt. #8). On August 14, 2014, FMS filed its reply (Dkt. #12, #13). Traxxas filed its sur-reply on August 25, 2014 (Dkt. #14).

## ANALYSIS

FMS moves to dismiss Traxxas' declaratory judgment action because "it preempted FMS's right, as the victim of Traxxas' breach of the License Agreement and failure to pay royalties, to enforce its contractual forum selection clause and choose the forum for its suit to collect royalties from Traxxas" (Dkt. #5 at 5). FMS contends that Traxxas' suit was filed in anticipation of litigation, and that the Court should exercise its discretion to dismiss this action. In light of the Eastern District of Virginia's Order transferring the parallel litigation to this judicial district, FMS has withdrawn its motion to transfer (Dkt. #12 at 1). However, FMS asserts that its motion to dismiss and stay is not subsumed by the Eastern District of Virginia's Order, and asks that the Court consider its motion to dismiss and motion to stay.

In order to determine whether to decide or dismiss the declaratory judgment suit, the Court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court

2

has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). FMS concedes that the declaratory action is justiciable and that the Court has authority to grant declaratory relief; thus, the only question remaining is whether, in the Court's discretion, it should decide or dismiss the action. In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified seven non-exclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id*. at 590-91; *Sherwin-Williams*, 343 F.3d at 388. The *Trejo* factors address three issues: federalism, fairness, and efficiency. *Id*. at 390-91. Defendant asserts that federalism is not at issue here, which is addressed by factors one and seven. Thus, Defendant argues, and the Court agrees, that it should focus on the remaining factors that address fairness and efficiency to determine whether the case should be dismissed.

Factor one does not apply in this case, as there is no pending state action in which all of the matters in controversy can be fully litigated. Turning now to factor two – whether Traxxas filed suit in anticipation of a lawsuit filed by FMS – the Court concludes that this litigation was filed by Traxxas in anticipation of a lawsuit for alleged unpaid royalties. However,

3

"[d]eclaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation." *Id*. at 391-92.

Factor three requires the Court to consider whether Traxxas engaged in forum shopping in bringing the suit. The forum selection clause contained in the License Agreement between the parties states:

> [FMS] and [Traxxas] agree that any judicial proceeding brought against any of the parties to this Agreement arising from this Agreement or any matter related to hereto may be brought in the State Courts situated in Fairfax, Virginia, or in the United States District Court for the Eastern District of Virginia in Alexandria, Virgiia. [Traxxas], by execution of this Agreement, hereby accepts for itself the non-exclusive jurisdiction of the aforesaid courts.

(Dkt. #5, Ex. A at 10). FMS argues that by virtue of this agreement, Traxxas agreed to be bound by the jurisdiction of either the state courts in Fairfax, Virginia, or the Eastern District of Virginia. However, as Traxxas points out, the forum-selection clause expressly states that Traxxas accepts the non-exclusive jurisdiction of the mentioned courts. Thus, the forum selection clause did not require Traxxas to file in either jurisdiction. This case was originally filed in Collin County, Texas, and removed to this Court. It is undisputed that the Eastern District of Texas is a proper venue for this litigation, and it is the principal place of business for Traxxas. It was proper for this litigation to be filed here, and the Court finds that Traxxas did not engage in any improper forum shopping when it selected Collin County and the Eastern District of Texas as the venue for its litigation. Factor four requires the Court to consider whether any inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. FMS argues that the parties contractually agreed to litigate this case under the Eastern District of Virginia's "Rocket Docket," and that the anticipatory suit filed by Traxxas deprived FMS of its ability to select the forum for its suit to collect alleged unpaid royalties. First, the Court notes that the forum selection clause did not require Traxxas to file suit in the Eastern

4

District of Virginia, as Traxxas could have also filed in the state courts in Fairfax, Virginia. In addition, Traxxas agreed that the jurisdiction of those courts was "non-exclusive" as to it. However, as the Court does agree that this suit was filed in anticipation of litigation, the slight inequity that resulted from FMS not being able to select the venue of its choice weighs slightly in favor of dismissal.

Turning now to the efficiency factors, the Court finds that both factor five and six do not weigh in favor of dismissal, and weigh heavily in favor of retaining the case here in the Eastern District of Texas. After reviewing the briefing of Traxxas, it is clear to the Court that the Eastern District of Texas is a convenient forum for the parties and witnesses that have been identified to the Court. Traxxas' principal place of business is in Collin County, in the Eastern District of Texas, where many of their relevant witnesses will be called to testify regarding the negotiation of the License Agreement in question. Further, most of the documentary evidence is located in this district, and this Court has compulsory process over one of the witnesses that will be called to testify. Further, and perhaps most compelling, is that the Eastern District of Virginia lacks a connection to the parties, witnesses, and evidence in this case. Other than the existence of the forum selection clause contained in the License Agreement, the Eastern District of Virginia has no connection to this litigation. Finally, the Court finds that retaining the lawsuit in the Eastern District of Texas would serve the purposes of judicial economy. Both this case and the parallel litigation filed by FMS are pending in this district before the undersigned and have been set on a joint schedule. The schedule contemplates motions to be filed by the parties that address issues of consolidation of these cases and realignment of the parties. If the Court grant FMS's request and dismiss this case, stay the parallel case, and allow FMS to refile in the Eastern District of Virginia, this would be a considerable waste of the resources of both this Court and the Virginia

court. Further, the parallel litigation transferred here by the Eastern District of Virginia would remain pending in this Court and result in duplicate litigation. FMS asserts that allowing this case to proceed in Virginia would cut the duration of the litigation in half, and asserts that time to trial in the Eastern District of Virginia is only 11.3 months, while the median time to trial in this district is 20.8 months. However, this case has been set for trial in late August of 2015, which is approximately 8 months away, and is shorter than both the median times to trial cited in FMS's brief (*See* Dkt. #27). Further, to dismiss this case at this time and allow it to be refiled in a different district would only increase the time to trial and delay the resolution of this case, which is not desired by either party.

Thus, after considering all the factors identified by the Fifth Circuit as relevant to determining whether a declaratory judgment action should be dismissed, the Court finds that, on balance, the factors do not weigh in favor of dismissal. The Court finds FMS's request to dismiss this action is denied.

FMS also requests that the Court stay this case pending resolution of the parallel case. As stated above, the two cases are set on a parallel schedule, and the Court will later address the issue of consolidation and realignment of the parties if the parties file motions regarding this issues. Thus, for this reason, the Court finds that FMS has not met its burden to show that this case should be stayed, and finds FMS's motion is denied.

## CONCLUSION

Based on the foregoing, the Court finds Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer Under 1404(a) or, Alternatively, Motion to Stay (Dkt. #5) is hereby **DENIED.**

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE